IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| Jaime Elias Garcia, Sr., individually and on behalf of the Estate of his biological son Jaime Elias Garcia, Jr. (deceased) for the death of his son under the Texas Survival Statute and for all beneficiaries under the Texas Wrongful Death Statute,<br>　　*Plaintiff*<br><br>v.<br><br>Martita Martinez, Deana Nicole Gonzalez, City of Progreso, Texas, City of Weslaco, Texas, and Cesar Solis, Individually, and as Police Chief for the City of Progreso, Texas,<br>　　*Defendants*. | §§§§§§§§§§§§§§§§§ | CIVIL ACTION NO.<br><br>M – 24 – 198 |

# DEFENDANTS' JOINT MOTION FOR RECONSIDERATION OF COURT'S INTENT TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants **CITY OF WESLACO, TEXAS, CITY OF PROGRESO, TEXAS, CESAR SOLIS, INDIVIDUALLY AND AS POLICE CHIEF FOR THE CITY OF PROGRESO, MARTITA MARTINEZ,** and **DAENA NICOLE GONZALEZ** submit this Joint Motion for Reconsideration of the Court's Intent to Remand.

　　1.01　At the hearing on September 3, 2024, this court indicated it intended to remand this action to the state district court from which it was removed because of a procedural defect: the initial notice of removal filed by Defendants City of Progreso and Cesar Solis did not

provide timely written consent from Defendant Martinez. Exhibit A, Transcript 9/3/24, at 5-6, 11-12. The court also referenced "an attempted notice of removal filed by the City of Weslaco on July 10th after the case had already been removed and after the party had already made an appearance here," concluding that there is "a defect in the removal process in the case timely raised by plaintiff." *Id.*, at 6, 12.

    1.02    On June 17, 2024, Defendant City of Weslaco was served with process in this action. Dkt No. 13. Weslaco then had 21 days, or until July 8, 2024, to file its initial responsive pleading or it would be in default. FED. R. CIV. P. 4(A)(1)(E), 12(a)(1)(A)(i). On that day, within 21 days of service, Weslaco filed its Rule 12(b)(6) and 12(b)(1) Motions to Dismiss. Dkt No. 17. It had 30 days to file its Notice of Removal, or until July 17, 2024. 28 U.S.C. § 1441(a). Weslaco then timely filed its Notice of Removal on July 10, 2024 (23 days after service). Dkt No. 18. That Notice provided that "all served parties consent to this timely Notice of Removal" (*Id.*, at 3), and all Defendants signed and acknowledged their consent to that removal (*Id.*, at 6).

    1.03    Defendant City of Weslaco had not been served at the time Plaintiffs filed their Motion to Remand. Dkt No. 11, at 2. Plaintiffs therefore had no basis to challenge, *and did not challenge*, Weslaco's removal at that time (Dkt No. 18). They also did not file any later challenge to Weslaco's Notice of Removal. Therefore, the only defect "raised by Plaintiff" involved the initial removal filed by Progreso, not the subsequent removal filed by Weslaco. Because Plaintiffs did not challenge Weslaco's Notice of Removal, they "waived any non-jurisdictional grounds for remand existing at the time of removal by not moving to remand within 30 days of [Weslaco's] notice of removal." *Brown v. Wright Nat'l Flood Ins. Co.*,

No. 20-30525, 2021 U.S. App. LEXIS 20519, 2021 WL 2934730, at *9 (5th Cir. July 12, 2021); *FDIC v. Loyd*, 955 F.2d 316, 323 (5th Cir. 1992); *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991); *Campbell v. Arney*, No. H-11-898, 2011 U.S. Dist. LEXIS 79614, at *3 (S.D. Tex. July 21, 2011). *See also* 28 U.S.C. § 1447(c). This "district court is therefore not empowered by § 1447(c) to remand a case because of a procedural defect in removal, *sua sponte* or on motion of the parties, more than thirty days after removal." *FDIC v. Loyd*, 955 F.2d 316, 323 (5th Cir. 1992).

  1.04 Although the court referenced Weslaco's "attempted notice of removal" filed "after the case had already been removed" and after Weslaco "had already made an appearance here," it did not discuss any significance to those statements, including any authority to establish "a defect in the removal process" because of those factors. Exhibit A, Transcript 9/3/24, at 6, 12. Nor did it identify any authority to establish Weslaco could somehow waive federal jurisdiction by filing an answer in federal court. "Merely filing an answer … does not waive the right of removal." *Gallo v. M/V Captain John L. Elmotores, Inc.*, CIVIL ACTION NO. 98-1986 SECTION "K", 1998 U.S. Dist. LEXIS 15281, 1998 WL 661485, at *3 (E.D. La. Sep. 23, 1998).

  1.05 The federal removal statute provides that "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons … to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C.S. § 1446. "Each defendant has 30 days following

service of an initial pleading to 'file the notice of removal.'" *Cobalt Int'l Energy, Inc. v. Alterra Am. Ins. Co.*, 788 F. App'x 254, 257 (5th Cir. 2019), *quoting* 28 U.S.C. § 1446(b)(2)(B).

    1.06   The amended version of § 1446 allows each defendant the opportunity to remove a case within 30 days after receipt by or service on that defendant of the summons, and it allows any previously served defendant to consent to a later served defendant's removal even if the earlier-served defendant had not previously removed the case. *Mims v. Deepwater Corrosion Servs.*, 90 F. Supp. 3d 679, 695 (S.D. Tex. 2015). *See also, Felder v. Countrywide Home Loans*, No. H-13-0282, 2013 U.S. Dist. LEXIS 179033, at *11 (S.D. Tex. Dec. 20, 2013) (same). The amended § 1446(b) applies to "cases that were commenced … after January 6, 2012" and clarifies that "each defendant has its own thirty day period to remove once served." *Lillie v. Stanford Tr. Co.*, Civil Action No. 3:13-CV-03127-N, 2014 U.S. Dist. LEXIS 206164, at *8 n.4 (N.D. Tex. Oct. 6, 2014).

> The last-served defendant rule explicitly provides that an earlier-served defendant may consent to removal initiated by a later-served defendant even though that earlier-served defendant did not previously initiate or consent to the removal. … The rule was intended to provide for equal treatment of all defendants in their ability to obtain Federal jurisdiction over the case against them.

*Banik v. Tamez*, No. 7:16-CV-00462, 2016 U.S. Dist. LEXIS 145710, 2016 WL 612279, at *13 (S.D. Tex. Oct. 20, 2016) (cleaned up), *citing Eclipse Aesthetics LLC v. Regenlab USA, LLC*, 3:16-CV-1448-M, 2016 U.S. Dist. LEXIS 123581, 2016 WL 4800342, at *3 (N.D. Tex. Sept. 12, 2016).

1.07    Weslaco's Notice of Removal was therefore timely and procedurally correct. That subsequent removal effectively made the original removal documents filed by Progreso (whether procedurally insufficient or otherwise) moot by virtue of Weslaco's properly filed removal documents, which were signed by all Defendants.

1.08    Plaintiff can identify no legal authority to challenge the right of the City of Weslaco to remove this action to this federal court or to remand this action to state court.

1.09    The court should reconsider its intent to remand this action, deny Plaintiff's Motion to Remand, and allow this action to remain pending before this Court.

WHEREFORE, PREMISES CONSIDERED, Defendants **CITY OF WESLACO, TEXAS, CITY OF PROGRESO, TEXAS**, **CESAR SOLIS, INDIVIDUALLY AND AS POLICE CHIEF FOR THE CITY OF PROGRESO, TEXAS, MARTITA MARTINEZ,** and **DAENA NICOLE GONZALEZ** pray that the Court reconsider its intent to remand this action to the state court from which it was removed and DENY Plaintiffs' Motion to Remand, and that Defendants be granted such other and further relief, whether at law or in equity, to which Defendants may be justly entitled.

                                  Respectfully submitted,

By: *Robert L. Drinkard*
      ROBERT L. DRINKARD
      Attorney in Charge
      State Bar No. 24007128
      rldrinkard@rampagelaw.com

      **DENTON NAVARRO RODRIGUEZ**
      **BERNAL SANTEE & ZECH**
      **A Professional Corporation**

        701 E. Harrison, Ste. 100
        Harlingen, Texas 78550
        956/421-4904
        956/421-3621 (Fax)
        **COUNSEL FOR DEFENDANT**
        **CITY OF WESLACO, TEXAS**

        **AGUILAR ★ ZABARTE, LLC**
        990 Marine Drive
        Brownsville, Texas 78520
        Telephone: (956) 504-1100
        Telecopier: (956) 504-1408

*/s/*    *J. Arnold Aguilar*
        J. Arnold Aguilar
        State Bar No. 00936270

        Attorney for Defendants
        CITY OF PROGRESO, TEXAS and
        CESAR SOLIS, INDIVIDUALLY
        AND AS POLICE CHIEF FOR
        THE CITY OF PROGRESO


        **ROERIG, OLIVEIRA & FISHER, L.L.P.**
        10225 North 10th Street
        McAllen, Texas 78504
        (956) 393-6300
        (956) 386-1625 (Fax)
        rsandoval@rofllp.com

*/s/*    *Rosemary Conrad-Sandoval*
        *(by J. Arnold Aguilar, with permission)*
        ROSEMARY CONRAD-SANDOVAL
        Texas State Bar #04709300

        ATTORNEYS FOR DEFENDANT
        DAENA NICOLE GONZALEZ

/*s/*    *Edmundo Leandro III*
Edmundo Leandro Ill
State Bar No. 24098773
mbarrera@lawler3firm.com
eleandro@lawler3firm.com
LAWLER & ASSOCIATES, P.C.
805 Media Luna, Ste. 620
Brownsville, Texas 78520
Telephone: (956) 574-0813
Facsimile: (956) 574-0920
**COUNSEL FOR DEFENDANT MARTITA MARTINEZ**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **DEFENDANTS' JOINT MOTION FOR RECONSIDERATION OF COURT'S INTENT TO REMAND** will on this the 17th day of September, 2024, be automatically accomplished through the Notice of Electronic Filing upon the following:

Julian C. Gomez
jcg@jcglf.com
THE JULIAN C. GOMEZ LAW FIRM, P.L.L.C.
1300 N. 10th St., Ste. 450
McAllen, Texas 78501

Katie P. Klein
William D. Mount, Jr.
DALE & KLEIN, L.L.P.
1100 E. Jasmine, Ste. 202
McAllen, Texas 78501
office@daleklein.com

Robert L. Drinkard
DENTON NAVARRO RODRIGUEZ
BERNAL SANTEE & ZECH
701 E. Harrison, Ste. 100
Harlingen, Texas 78550
rldrinkard@rampagelaw.com

Rosemary Conrad-Sandoval
ROERIG, OLIVEIRA & FISHER, L.L.P.
10225 N. 10th Street
McAllen, Texas 78504
rsandoval@rofllp.com

Edmundo Leandro Ill
Marion Russell Lawler, III
LAWLER & ASSOCIATES, P.C.
805 Media Luna, Ste. 620
Brownsville, Texas 78520
eleandro@lawler3firm.com

                                            /s/   J. Arnold Aguilar
                                                 J. Arnold Aguilar